\*\* E-filed January 26, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY BRODZKI,<br><br>        Plaintiff,<br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant.<br>_____/ | No. C11-05299 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING ALL OTHER PENDING MOTIONS**<br><br>**[Re: Docket Nos. 8, 9, 15, 16, 20]** |

On October 31, 2011, Anthony Brodzki filed *in forma pauperis* a civil complaint against the United States of America ("United States" or "government"), seeking $500 million in damages for alleged harassment and privacy violations.[1] Dkt. No. 1. ("Complaint"). According to the complaint, the alleged injuries occurred as a result of the government's use of "communications equipment" capable of causing "tort[s]" to plaintiff's "seclusion and privacy." Id.

This court granted plaintiff's request to proceed *in forma pauperis*. Dkt. No. 4. Plaintiff then filed a motion to appoint counsel. Dkt. No. 8. Defendant has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Dkt. No. 9. Brodzki has not opposed the motion to dismiss, but has instead filed letters requesting 1) an injunction; 2) a temporary restraining order; and 3) an emergency temporary restraining order, all of which are virtually identical in character. Dkt. Nos. 16, 17, 20. The defendant has opposed the first motion for an injunction. Dkt. No. 17. As

---

[1] In fact, Brodzki filed a separate complaint in this district one day after this action was filed. See C11-05307-HRL, Brodzki v. United States of America. The two complaints are not identical, though they both essentially seek damages for injuries caused by various government agents. The allegations in the two complaints are equally implausible.

the time for opposing defendant's motion to dismiss and plaintiff's first three motions have now expired, the matters are deemed submitted. The court finds that a hearing is unnecessary at this time, and VACATES the January 31 hearing.

All parties have expressly consented to proceed before a magistrate judge pursuant to 28 U.S.C. 636(c).

**I.     DEFENDANT'S MOTION TO DISMISS**

A.  For Lack of Subject Matter Jurisdiction

1. Legal Standard

A party may raise a lack of subject-matter jurisdiction by motion prior to filing an answer to a complaint. FED. R. CIV. P. 12(b)(1). If the court determines that it does not have subject-matter jurisdiction, it must dismiss the claim. FED. R. CIV. P. 12(h)(3). A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may challenge either the sufficiency of the pleadings to establish jurisdiction, or "the existence of subject matter jurisdiction in fact." Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). When a defendant challenges the actual existence of subject matter jurisdiction, the plaintiff's allegations are not taken as true and plaintiff bears the burden of proving that jurisdiction exists. Id.; Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001). Because plaintiff is proceeding pro se, the court liberally construes his complaint. Id.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. at 1273.

2. Discussion

Defendant asserts that this court lacks subject matter jurisdiction because 1) plaintiff has not established that the government has waived its sovereign immunity in this action, and 2) plaintiff has not shown he is eligible to bring suit under the Federal Tort Claims Act ("FTCA"). Dkt. No 9, p.

7. "The United States, as sovereign, is immune from suit save as it consents to be sued . . . ." <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941) (citations omitted). Waiver of the government's sovereign immunity "cannot be implied but must be unequivocally expressed." <u>United States v. King</u>, 395 U.S. 1, 4 (1969). The FTCA is one such unequivocal waiver. <u>See</u> 28 U.S.C. §§ 1346, 2671-2680 (2008). However, a plaintiff may not bring suit under the FTCA until and unless he has first presents his claim to the "appropriate [f]ederal agency" and that agency finally denies the claim in writing. <u>See</u> 28 U.S.C. § 2675(a). Only after these administrative remedies are exhausted does the United States waive its sovereign immunity and make itself amenable to suit in federal court.

While Brodzki does not specify in his complaint what law provides the basis for his claim, the court finds that, as he appears to seek money damages arising out of "injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," the FTCA is the appropriate federal law under which to consider the plaintiff's claim. <u>See</u> 28 U.S.C. §§ 1346(b)(1); 2675(a). Brodzki has made no allegation that he brought his claim to a federal agency, nor that any federal agency has denied his claim in writing. Thus, this court cannot conclude that Brodzki has exhausted his administrative remedies under the FTCA. Accordingly, the court finds that Brodzki has not proven waiver of the government's sovereign immunity and has not established that federal subject matter exists over this action. Accordingly, the court must dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1).

B. <u>For Failure to State a Claim</u>

1. Legal Standard

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 55 (2007). However, only plausible claims for relief with survive a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. at

3

1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

2. Discussion

Defendant also claims that Brodzki's complaint should be dismissed for failure to state a claim upon which relief can be granted. The government argues that the complaint is "incomprehensible" and does not set forth any cognizable legal theories or supporting facts. Dkt. No. 9, p. 8. Brodzki cites to the Bivens case in his complaint, which created a remedy for persons whose constitutional rights were violated by federal officials acting in their individual capacities. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In order to state a claim under Bivens, a plaintiff must sue some federal official in his individual capacity; "an individual may not maintain a Bivens action for monetary damages against the United States." Daly-Murphy v. Winston, 837 F.2d 348, 356 (9th Cir. Cal. 1987) (citing Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1985)).

Brodzki's complaint does name some federal officials, for instance, Amber Rogers, who is apparently a U.S. Attorney. See Complaint. However, he has not alleged that Rogers or any other federal officer has harmed him while acting in an individual capacity, nor has he actually sued any

4

federal official in an official or individual capacity. In addition, he does not offer any specific facts that would explain the cause of his alleged injuries, other than to state that his "thoughts are being compromised" by "communications equipment" that the government has disseminated to certain radio stations. At no point does he allege facts that would suggest any government official has acted in an individual capacity to cause him harm. Such allegations fall far short of stating a claim for relief under Bivens. Accordingly, dismissal is also warranted under Rule 12(b)(6) for failure to state a claim.

### 3. Whether to Permit Amendment of the Complaint

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

As discussed further in Section II, below, Brodzki has alleged facts that are fanciful and appear to have little or no basis in reality. His claim that the government has harassed him and violated his privacy through the use of secret communications equipment capable of reading his thoughts cannot be taken seriously. Even if this court permitted him to amend his complaint, for instance, to cure the deficiencies in subject matter jurisdiction or to state a claim under Bivens, there are no facts plaintiff could possibly state that would make these factual allegations plausible enough to survive another motion to dismiss. As many other district courts have concluded, plaintiff's complaint is frivolous and without merit, and amendment would indeed be futile. See Section II.B, infra. Therefore, dismissal with prejudice is appropriate in this case.

### C. Frivolous *In Forma Pauperis* Action

#### 1. Legal Standard

A court must dismiss an *in forma pauperis* action if it finds that the action "fails to state a claim on which relief may be granted" (comparable to the Fed. R. Civ. P. 12(b)(6) standard) or that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B) (2006); see Neitzke v. Williams, 490 U.S. 319, 324 (1989). As the United States Supreme Court has explained, "[the *in forma pauperis* statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." Neitzke, 490 U.S. at 327-28. A complaint, containing as it does both factual allegations and legal conclusions, is "frivolous" where it lacks an arguable basis either in law or in fact. Id. at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), a court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that it "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Nietzke, 490 U.S. at 327).

   2. Discussion

The Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1060-61 (9th Cir. 2007). Here, the court finds that plaintiff has asserted "fanciful factual allegation[s]" that must be considered "totally false." As stated above, Brodzki claims $500 million in damages for harassment and privacy violations arising out of the government's efforts to compromise his thoughts. Dkt. No. 1. This court knows of no equipment in the government's possession or in existence generally that would permit someone to read the plaintiff's thoughts and then broadcast them. In addition, Brodzki offers no facts to support the plausibility of his claim for $500 million in damages.

Moreover, Brodzki appears to have filed no less than 63 complaints since 2009 in district courts across the country, many of which allege identical or similar claims to those asserted here.[2] See also Dkt. No. 9, p. 2. The Northern District of Illinois has issued an order declaring Brodzki a vexatious litigant for filing a dozen cases alleging facts substantially similar to those asserted in this matter. See In re Brodzki, 2010 U.S. Dist. LEXIS 141705 (N.D. Ill. July 23, 2010). District courts across the country have dismissed cases filed by Brodzki on facts quite like those before this court, and many of those courts have found Brodzki's actions to be frivolous. See, e.g., Brodzki v. United States DOJ, 2011 U.S. Dist. LEXIS 122178 (D. Mass. Oct. 21, 2011); Brodzki v. City of N. Richland Hills, 2011 U.S. Dist. LEXIS 126587 (E.D.N.Y. Oct. 31, 2011); Brodzki v. Texas, 2011 U.S. Dist. LEXIS 59232 (W.D. Tex. June 2, 2011). This court also concludes that the plaintiff's action is frivolous.

For all of the foregoing reasons, this court DISMISSES plaintiff's complaint with prejudice.

## II. PLAINTIFF'S PENDING MOTIONS

Also before the court are plaintiff's pending motion to appoint counsel and his three motions for injunctive relief. As this court finds that 1) it has no subject matter jurisdiction; 2) plaintiff fails to state a claim upon which relief can be granted; and 3) plaintiff's complaint is frivolous, it DENIES plaintiff's pending motions.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT defendant's motion to dismiss be GRANTED and plaintiff's complaint be DISMISSED with prejudice. All other pending motions are DENIED.

Dated: January 26, 2012

_____
HOWARD R. LLOYD

---

[2] See, e.g., Brodzki v. Utah Ag, 2012 U.S. Dist. LEXIS 7689 (D. Utah 2012); Brodzki v. Chief of the Colo. State Patrol, 2012 U.S. Dist. LEXIS 6240 (D. Colo. Jan. 19, 2012); Brodzki v. Fox Broad., 2012 U.S. Dist. LEXIS 4928 (D. Del. Jan. 13, 2012); Brodzki v. Cook County, 2012 U.S. Dist. LEXIS 3107 (D. Nev. Jan. 10, 2012); Brodzki v. United States DOJ, 2011 U.S. Dist. LEXIS 122178 (D. Mass. Oct. 21, 2011) (all asserting claims substantially similar, if not identical, to those alleged in this action). See also Brodzki v. N. Richland Hills Police Dep't, 413 Fed. Appx. 697 (5th Cir. 2011) (affirming dismissal by district court where Brodzki alleged similarly "fanciful" facts, though of a different nature than the instant matter).

7

1 UNITED STATES MAGISTRATE JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C11-05299 HRL Notice will be electronically mailed to:**

James A. Scharf            james.scharf@usdoj.gov

**Notice will be mailed to:**

Anthony Brodzki
6900 Herman Jared Drive
North Richland Hills, TX 76182

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**