\*\* E-filed April 3, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY BRODZKI, | No. C11-05299 HRL |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| UNITED STATES OF AMERICA, | [Re: Docket Nos. 27, 28] |
| Defendant. | |

On October 31, 2011, Anthony Brodzki filed *in forma pauperis* a civil complaint against the United States of America ("United States" or "government"), seeking $500 million in damages for alleged harassment and privacy violations.[1] The court dismissed plaintiff's complaint as frivolous and for lack of subject matter jurisdiction, and entered an order of judgment. Dkt. Nos. 23, 26. After judgment was entered, plaintiff filed two letters to the court, one titled "motion for reconsideration" and the other titled "motion with new information to ask the honorable judge to hear the case." Dkt. Nos. 27, 28. Both letters request that the court "rehear" plaintiff's case. Defendant opposed the "motions." Dkt. No. 29.

"No party may notice a motion for reconsideration without first obtaining leave of the court to file the motion." Civ. L.R. 7-9(a). Plaintiff did not seek leave of court before filing his ostensible motion for reconsideration. Despite this procedural error, and to give the plaintiff the benefit of

---

[1] In fact, Brodzki filed a separate complaint in this district one day after this action was filed. See C11-05307-HRL, Brodzki v. United States of America. The two complaints are not identical, though they both seek damages for injuries allegedly caused by various government agents. The allegations in the two complaints are equally implausible.

liberal construction for pro se filings, the court construes his two letters as one request for leave to file a motion for reconsideration (hereinafter, "motion"). See Haines v. Kerner, 404 U.S. 529, 520-21 (1972) (stating that pro se pleadings should be "liberally construed.")

The moving party in a motion for leave to file a motion for reconsideration must show that: (1) a material difference in fact or law exists from that which was presented to the court, and the party did not know of such fact or law before entry of the order; (2) new material facts or a change of law occurred after the entry of the order; or (3) the court failed to consider material facts or legal arguments presented before entry of the order. See Civ. L.R. 7-9(b).

Plaintiff's motion lacks merit. Not only did Brodzki fail to obtain leave of court before filing his motion for reconsideration as required by Civil Local Rule 7-9(a), he also failed to make his request before entry of judgment. Civil Local Rule 7-9(a) makes clear that motions for reconsideration may only be made before the entry of judgment. See Dkt. No. 26 (entering judgment of dismissal before plaintiff filed his motion). Even if these procedural errors were not present, plaintiff has failed to satisfy the necessary standard for the court to grant leave to file a motion for reconsideration. Plaintiff's letters to the court fail to offer any of the three grounds for reconsideration. Docket No. 27, the "motion for reconsideration," is a partially handwritten letter that says plaintiff sent "Form 95" to the FBI, and includes a photocopy of a U.S. Postal Service certified mail receipt. Docket No. 28, the "motion with new information," is a stream-of-consciousness, largely unintelligible letter that seems to raise completely new and different facts than those raised in the complaint, concerning: (1) the alleged rape that occurred when plaintiff was a child, which was mentioned in his complaint; and (2) the fact that plaintiff and an unnamed police officer "dated several of the same women," which has no bearing on this case. There is no evidence to suggest that any of the grounds for reconsideration are present here.

Accordingly, the court concludes that plaintiff has raised no facts that would warrant the filing of a motion for reconsideration or the setting aside of this court's February 6, 2012 order. Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

1 | Dated: April 3, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **C11-05299 HRL Notice will be electronically mailed to:**

2  James A. Scharf          james.scharf@usdoj.gov

3  **Notice will be mailed to:**

4  Anthony Brodzki
5  6900 Herman Jared Drive
   North Richland Hills, TX 76182

6  **Counsel are responsible for distributing copies of this document to co-counsel who have not
7  registered for e-filing under the court's CM/ECF program.**

4